

299 Broadway
Suite 800
New York, New York 10007

(212) 233-3900

evan@brusteinlaw.com
www.brusteinlaw.com

September 11, 2025

**Via ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square New York, New York 10007

      Re:     Farah v. Emirates, et al., Case No. 21-CV-5786
              Letter Motion Opposing Defendants' Filing Documents Under Seal

Dear Judge Netburn,

      Plaintiffs submit this letter-motion in opposition to Defendants' letter motion seeking to file numerous documents under seal (ECF No. 130, "Defendants' Motion to Seal"), both because Defendants have failed to comply with the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") governing the case (ECF No. 72), and because Defendants have not, and cannot, meet their burden of demonstrating a legitimate need for sealing the documents. *See Video Software Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir.1994) ("In this country, courts have recognized a strong presumption of public access to court records.").

      As an initial matter, the Protective Order only allows for limited categories of documents and information to be designated confidential:

> (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);
>
> (b) previously non-disclosed material relating to ownership or control of any non-public company;
>
> (c) previously non-disclosed business plans, product-development information, or marketing plans;
>
> (d) any information of a personal or intimate nature regarding any individual, including, but not limited, personal medical information; or
>
> (e) any other category of information this Court subsequently affords confidential status.

*See* ECF No. 72, at ¶2. Here, Defendants do not – and cannot – demonstrate that any of the documents they seek to seal fit into categories (a) through (d) of the Protective Order. *See*

Defendants' Motion to Seal at p. 3 (describing the documents as email communications, personnel policies, flight data and deposition testimony). Instead, Defendants' request tries to sweep broad categories of documents into category (e), without sufficiently demonstrating why their request is proper or overcomes the strong presumption of public access.

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action ...." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). The party must show, "with more than generalized concerns, that sealing is supported by countervailing interests – that is, that some identifiable harm is likely to occur in the absence of sealing." *Matter of Upper Brook Companies,* No. 22-MC-97 (PKC), 2023 WL 172003, at *2 (S.D.N.Y. Jan. 12, 2023). The Second Circuit in *Lugosch v. Pyramid Co. of Onondaga* 435 F.3d 110 (2d Cir. 2006) articulated a three-part test for determining in documents could be filed under seal: (1) determine whether the documents qualify as "judicial documents," to which a "common law presumption of public access attaches"; (2) if so, determine the weight of that presumption; and (3) balance the weight of the presumption against any "competing considerations." *Id.* at 119-120.

Here, each of these factors supports a finding that sealing of the documents is unwarranted. First, there is no dispute that the documents and transcripts as issue are "judicial documents," to which a presumption of public access attaches, because the documents would have the tendency to influence the court's ruling on Plaintiffs' Motion for Class Certification. *See Matter of Upper Brook Companies*, 2023 WL 172003, at *4 (internal citation omitted)*; see also* generally Defendants' Motion to Seal. Furthermore, as Defendants have offered the documents in opposition to Plaintiffs' Motion for Class Certification, which is a critical motion in this case, the weight of the presumption of public access is substantial . *See id.* at *5; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 123 ("…documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision.'").

Third, Defendants have failed to delineate any specific and judicially recognized competing considerations, which also weighs in favor of denying Defendants' Motion to Seal. "Turning to the third factor, courts commonly find that documents containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like' reflect important privacy interests that satisfy the sealing standard." *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC,* 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018). In contrast, "assert[ions] in broad terms" that do not explain why any particular document ... is 'proprietary,' or a 'trade secret,' or why its disclosure could otherwise cause competitive harm" are "not sufficiently specific to justify sealing." *Red Hawk, LLC v. Colorforms Brand LLC,* No. 20-CIV-9032(JHR) (SLC), 2024 WL 551543, at *2 (S.D.N.Y. Feb. 9, 2024)(internal citation omitted).

Defendants' Motion to seal speaks only in generalities about the documents Defendants seek to seal, without providing any specific explanation for how any particular document is proprietary, constitutes a trade secret, or why disclosure would otherwise cause competitive harm. Instead, in conclusory form, Defendants claim that "Emirates' internal flight data, confidential email

communications among senior executives, and documents and deposition testimony reflecting internal decision-making and management strategies should be deemed confidential." *See* Defendant's Motion to Seal, at p.3. Such a general catch-all description is insufficient to satisfy their burden of demonstrating a need to seal the documents. For example, Defendants, without explanation, claim that internal flight data is confidential, even though the same type of information appears to be available online through a third-party company, which makes sense given that the existence of flights is publicly available information. *See, e.g.,* https://www.flightaware.com/aeroapi/portal/#overview. In addition, with respect to deposition transcripts that Defendants seek to seal (see ECF No. 131-1, 131-2, 131-4, 131-5), Defendants seek to seal the testimony *in its entirety* without any reasonable justification for the purported need to seal the testimony. This fails to meet the three-part legal standard required to demonstrate that sealing is appropriate.

      Furthermore, with respect to deposition transcripts, the Protective Order includes specific procedures by which a party can designate portions of the transcript as confidential: either by indicating it on the record, or by notifying the reporter and all counsel of record *in writing within 21 days after the deposition has concluded* of the specific pages and lines of the transcript that are to be designated "Confidential." *See* ECF No. 72, at ¶ 4. Defendants failed to take any of these steps here, and instead attempt to belatedly and indiscriminately seal all deposition testimony of Emirates' witnesses.

      In addition, in one of the main cases that Defendants rely on, the court actually denied a motion to seal documents that it found were several years old, as "the information was outdated and 'stale' and the movant failed to show how disclosure 'would result in any competitive harm.'" *Matter of Upper Brook Companies*, 2023 WL 172003, at *6; *see also Valassis Commc'ns, Inc. v. News Corp.*, 17-Civ-7378, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020). Here, the documents at issue date back 5 years to 2020, and Defendants have made no attempt to explain how information about flight plans or staffing during 2020 would have any "competitive harm" to Defendants today. Further, Defendants have failed to comply with the Protective Order requirement that they "submit a supporting declaration justifying – *on a particularized basis* – the continued sealing of such documents." *See* ECF No. 72, at ¶ 9.

      As Defendants have failed to comply with the procedures laid out in the Protective Order, and have failed to meet their heavy burden of demonstrating a legitimate need for sealing the documents sufficient to overcome the strong presumption of public access, the Court should deny Defendants' Motion to Seal.

                                                Sincerely,

                                                BRUSTEIN LAW PLLC

                                 By:     */s/ Evan Brustein*
                                                Evan Brustein

cc: All counsel of record (via ECF)