UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAYENAT FARAH, CHARLOTTE
ARMSTRONG, VIOLET SIMPSON,
MONIQUE TACKLING, and SARAH
CAMMARATA, as successor in interest to
JOSEPH CAMMARATA, on behalf of
themselves and all others similarly situated,

                        Plaintiffs,

        -v-

EMIRATES and EMIRATES SEVERANCE
PLAN,

                        Defendants.

21-CV-05786-LTS

ORDER

The Court is in receipt of the parties' letter motions to seal exhibits filed in support of briefing of Plaintiffs' motion for class certification.  (See docket entry nos. 106, 120, 130, 134.)  The parties propose sealing of entire exhibits and some corresponding redactions.  To maintain the confidentiality of exhibits marked confidential pursuant to a protective order that were filed in support of their Motion for Class Certification (docket entry no. 105), Plaintiffs request sealing of certain exhibits and redacted portions of their filings.[1]  (Docket entry no. 106.) Defendants moved to seal those same exhibits, which were filed in support of Plaintiffs' Motion for Class Certification.  (Docket entry no. 120.)  Defendants also request sealing of certain exhibits filed in support of their Opposition to Plaintiffs' Motion for Class Certification.  (Docket entry no. 130.)  Plaintiffs oppose this motion to seal.  (Docket entry no. 134.)

The public's "'common-law right of access' to judicial records," DiRussa v. Dean

---

[1]    Plaintiffs' redacted information is derived solely from exhibits marked confidential by
       Defendants, purportedly pursuant to a protective order, and filed under seal at
       Defendants' request.

Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997), is "at its strongest when the document in question, as here, has been submitted as a basis for judicial decision making," United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc., 186 F. Supp. 2d 458, 465 (S.D.N.Y.) (quoting Greater Miami Baseball Club Ltd. P'ship v. Selig, 955 F. Supp. 37, 39 (S.D.N.Y. 1997)), aff'd, 53 F. App'x 153 (2d Cir. 2002).  The party requesting that a matter be filed and kept under seal bears the burden of showing why the material should be kept from public view.  See DiRussa, 121 F.3d at 826.

Defendants articulate this Circuit's three-step framework, as set forth in Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006), for determining whether sealing is justified.  (See docket entries no. 120, 130.)  Defendants have failed, however, to meet their burden.  The "presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing."  Lugosch, 435 F.3d at 126.  A "conclusory request" for the sealing of dozens of exhibits based on a general representation that they contain private personal information or proprietary business information "d[oes] not provide the Court with a showing of 'good cause' or any other rationale for keeping the official record under seal." Alcohol Found., 186 F. Supp. 2d at 465.

Nor do Defendants propose sealing that is narrowly tailored.  For example, they request sealing of Exhibits B and M in their entirety.  (Docket entry no. 130, at 1-2.)  Exhibit M is a chart of historical flight data in and out of the United States; the document appears to contain only high-level data that is publicly available online.  (Docket entry no. 131-6.)  Defendants do not adequately explain how disclosure of Exhibit M could pose competitive harm.  Yet because this high-level data appears to be publicly available online, disclosure poses no competitive harm; nor does Exhibit M link flight volumes with any business strategies in a way that would

render the document protectable.

Defendants' letter motion describes Exhibit B as "excerpts from the deposition of Peter Swyny . . . dated January 17, 2025." (Docket entry no. 130, at 1.) Upon the Court's review, however, Exhibit B appears to contain Mr. Swyny's testimony in its entirety. (Docket entry no. 131-1.) While sections of Mr. Swyny's testimony might conceivably be protectable as confidential management strategies, Defendants have not met their burden that the <u>entire</u> deposition transcript warrants protection from public view. Defendants have nonetheless redacted this testimony in its entirety. (<u>Compare</u> docket entry no. 131-1 (Exhibit B, filed under seal), <u>with</u> 133-2 (Exhibit B, filed publicly with redactions).) The same appears to be true of three additional depositions. (<u>See</u> docket entry nos. 131-2, 131-4, 131-5.) Setting aside whether they have met their burden, Defendants are disingenuous if they are, in fact, requesting sealing of "excerpts" of deposition testimony while filing public versions that make no portion of that testimony available to the public.

**Defendants** are hereby directed to file supplemental briefing **by February 20, 2026,** responding to Plaintiffs' arguments in their reply (docket entry no. 134) and explaining more specifically why protectable information supports sealing of specific documents and, if their position is that sealing of a document is warranted, whether it must encompass the entire document, or whether limited redaction(s) would be sufficient. **Plaintiffs** may respond to that

supplemental filing **by March 6, 2026**.  No further submissions on the motion will be

entertained after this supplemental briefing has been completed.

      SO ORDERED.

Dated: New York, New York
      February 6, 2026

                /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
                Chief United States District Judge