UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAYENAT FARAH, CHARLOTTE
ARMSTRONG, VIOLET SIMPSON,
MONIQUE TACKLING, and SARAH
CAMMARATA, as successor in interest to
JOSEPH CAMMARATA, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,                                    21-CV-05786-LTS

          -v-

EMIRATES and EMIRATES SEVERANCE
PLAN,

                    Defendants.

<u>ORDER</u>

On February 6, 2026, the Court directed the parties to submit supplemental

briefing on the pending motions to seal certain materials filed in connection with briefing of

Plaintiffs' motion for class certification.  (Docket entry no. 139 "First Sealing Order".)[1]  The

Court is in receipt of Defendants' supplemental letter (docket entry no. 140) and Plaintiffs' reply

(docket entry no. 141).  In their supplemental letter, Defendants seek sealing of a subset of email

communications and "limited redactions" of other documents submitted in support of their

Opposition to Plaintiffs' Motion for Class Certification; these proposed redactions would be

"confined to discrete portions that disclose (i) confidential internal compensation methodologies

and financial modeling, (ii) proprietary IT infrastructure details, or (iii) personal identifying and

compensation information of non-parties."  (Docket entry no. 140 at 3.)  Plaintiffs oppose this

request to seal and redact documents submitted by Defendants and also oppose sealing and

---

[1]    This Order assumes familiarity with the procedural and factual background summarized
       in the February 6, 2026 order.  (Docket entry no. 139.)

redaction of documents that Plaintiffs submitted in support of their Motion for Class

Certification, proposing redaction only of sensitive personal information such as employee

names.  (Docket entry no. 141.)

The Court is also in receipt of the parties' earlier letter motions to seal exhibits

filed in support of briefing of Plaintiffs' motion for class certification.  (See docket entry nos.

106, 120, 130, 134.)  The parties propose sealing of entire exhibits and some corresponding

redactions.  To maintain the confidentiality of exhibits marked confidential pursuant to a

protective order that were filed in support of their Motion for Class Certification (docket entry

no. 105), Plaintiffs request sealing of certain exhibits and redacted portions of their filings.[2]

(Docket entry no. 106.)  Defendants moved to seal those same exhibits, which were filed by

Plaintiffs in support of Plaintiffs' Motion for Class Certification.  (Docket entry no. 120.)

Defendants also request sealing of certain exhibits filed in support of their Opposition to

Plaintiffs' Motion for Class Certification.  (Docket entry no. 130.)  Plaintiffs oppose this motion

to seal documents submitted by Defendants.  (Docket entry no. 134.)  The Court, in its First

Sealing Order, directed the parties to submit supplemental briefing as to the sealing of both sets

of documents.  (Docket entry no. 139.)  This supplemental briefing is now complete and the

Court has considered all submissions carefully.

The public's "'common-law right of access' to judicial records," DiRussa v. Dean

Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997), is "at its strongest when the document in

question, as here, has been submitted as a basis for judicial decision making," United States ex

rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc., 186 F. Supp. 2d 458, 465

---

[2]     Plaintiffs' redacted information is derived solely from exhibits marked confidential by
Defendants, purportedly pursuant to a protective order, and filed under seal at
Defendants' request.

(S.D.N.Y.) (quoting Greater Miami Baseball Club Ltd. P'ship v. Selig, 955 F. Supp. 37, 39 (S.D.N.Y. 1997)), aff'd, 53 F. App'x 153 (2d Cir. 2002).  The parties here agree that these materials are judicial documents, and thus the presumption of access is strong.  (See, e.g., docket entry no. 140 at 2.)  The party requesting that a matter be filed and kept under seal bears the burden of showing why the material should be kept from public view.  See DiRussa, 121 F.3d at 826.  The "presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing."  Lugosch v. Pyramid Co., 435 F.3d 110, 126 (2d Cir. 2006).

Defendants' request for sealing and redaction of materials submitted in support of their Opposition to Plaintiffs' Motion for Class Certification is not narrowly tailored.  While Defendants no longer seek sealing of entire deposition transcripts, their proposed redactions are nonetheless more extensive than the law permits.  For example, Defendants argue that redactions of the deposition transcript of Mr. Peter Swyny are "limited to testimony describing: (i) internal compensation formulas; (ii) non-public redundancy calculation methodologies; (iii) internal financial thresholds used in workforce modeling; and (iv) specific pay structures not publicly disclosed."  (Docket entry no. 140 at 4.)  Defendants nonetheless propose the redaction of testimony containing only high-level descriptions of Human Resources positions and the redundancy eligibility process, not discussions of specific computations, methodologies, or pay structures.  (Compare docket entry no. 131-1 at 53-58 (Swyny Deposition, filed under seal in its entirety), with 140-1 at 53-58 (Swyny Deposition, filed publicly with proposed redactions).)  While courts in this District permit redaction where disclosure would reveal competitively sensitive business information, Defendants fail to explain how a general statement describing the redundancy process—"It would be a range of discussions with both the senior leaders, aligned

managers, and where necessary individuals that were essentially impacted." —is protectable as disclosing "non-public redundancy calculation methodologies." (Docket entry no. 131-1 at 54.) For these same reasons, the Court finds unpersuasive Defendants' assertion that partial redaction of Exhibits G, O, and Q is not feasible. (See docket entry no. 140 at 2.)

Defendants' supplemental letter does not address any additional grounds for sealing of materials submitted by Plaintiffs in support of their Motion for Class Certification. Defendants have, accordingly, failed to carry their burden in showing that the documents submitted by Plaintiffs should be filed under seal. (See First Sealing Order.)

**Defendants** are hereby directed to file, **by March 30, 2026**, a renewed motion to seal materials submitted in support of their Opposition to Plaintiffs' Motion for Class Certification that proposes redactions that are sufficiently narrowly tailored as to address the Court's concerns (docket entries no. 139, 142) and Plaintiffs' arguments (docket entries no. 134, 141). **Plaintiffs** are hereby directed to re-submit the materials submitted in support of their Motion for Class Certification, marked to show redactions limited to sensitive identifying information, as proposed in their supplemental submission. (See docket entry no. 141.) This order resolves docket entries no. 106, 120, 130, and 140.

SO ORDERED.

Dated: New York, New York
         March 16, 2026

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge