# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4069 Direct
(212) 972-3213 Fax
evan.citron@jacksonlewis.com
jacksonlewis.com

March 30, 2026

**VIA ECF**

The Honorable Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street, Courtroom 17C
New York, New York 10007

# MEMO ENDORSED

**Re: Farah et al. v. Emirates et al.**
**21-cv-5786-LTS-SN**

Dear Judge Swain:

We represent Defendants Emirates and the Emirates Severance Plan (collectively, "Defendants"). Pursuant to the Court's March 16, 2026 Order (Docket. No. 142), we respectfully submit this renewed motion to seal limited portions of materials filed in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification.

In response to the Court's Order, Defendants have narrowed their prior requests. Defendants do not seek to seal any document in its entirety, and instead request only limited, line-by-line redactions confined to discrete, non-public financial figures and personal identifying information of non-parties. Defendants also withdraw their prior request to seal Exhibits B, G, and I.

As set forth below, the remaining redactions are consistent with the Second Circuit's framework under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and are narrowly tailored to protect higher values that outweigh the presumption of public access.

## I.    Legal Standard

Under *Lugosch*, courts apply a three-step inquiry for determining whether documents are appropriately placed under seal. *Id.* at 119-20. First, the Court determines whether the materials at issue are "judicial documents." *Id.* at 119. Second, the Court assesses the weight of the presumption of access, which depends on the role the materials play in the exercise of Article III power. *Id.* Third, the Court balances that presumption against countervailing considerations, including "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The Honorable Laura Swain
March 30, 2026
Page 2

There is no dispute that the materials at issue are judicial documents and that the presumption of access is substantial.  That presumption, however, is not absolute.  Courts in this District routinely permit narrowly tailored redactions of sensitive financial information and personally identifying information where disclosure would serve relatively minimal public value while implicating legitimate privacy or competitive concerns.  *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (protecting specific business strategies and sensitive commercial information); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 U.S. Dist. LEXIS 172220 at *8 (S.D.N.Y. Sept. 10, 2021) (protecting IT information and infrastructure details); *Galvan v. Rolling Lawns, Inc.*, 2025 U.S. Dist. LEXIS 37390 at *9 (S.D.N.Y. Feb. 26, 2025) (permitting redaction of commercially sensitive business information and financial data).

## II.      Exhibits O and Q

Exhibits O and Q are internal communications reflecting analyses of workforce-related decisions.  Defendants do not seek to seal these documents in full.  Instead, Defendants have submitted versions of Exhibits O and Q with redactions limited solely to discrete, non-public financial figures, including specific dollar amounts and quantified projections.  All narrative content, contextual information, and descriptions have been left unredacted.  The remaining redactions are narrowly tailored to protect only specific financial figures that reflect internal cost calculations and are not publicly disclosed.  Courts in this District routinely permit redaction of such sensitive financial information where disclosure would reveal internal cost structures or non-public financial data.  *See, e.g.*, *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511; *Galvan*, 2025 U.S. Dist. LEXIS 37390 at *9.

## III.      Deposition Transcripts (Exhibits C and H)

Defendants have re-reviewed each deposition transcript and now seek only limited redactions confined to (i) specific compensation figures (including salary and severance amounts) and (ii) personal identifying information of non-parties.  Under Defendants' redactions, the vast majority of each transcript – including testimony concerning policies, decision-making processes, and other matters central to the merits – will remain publicly available.

### A.      Exhibit C (Deposition of Wasan Alhusseiny)

Exhibit C is the deposition of Wasan Alhusseiny, Head of Global Human Resources for the Americas.  The proposed redactions are limited to discrete, non-public financial figures reflecting calculations of potential severance liability, including aggregate and per-employee payout estimates.  These figures reflect Emirates' internal cost assumptions and are not necessary to understand the substance of the testimony.

### B.      Exhibit H (Deposition of Jennifer Jackson)

Exhibit H is the deposition of Jennifer Jackson, Human Resources Manager for the United States.  The proposed redactions are similarly limited to discrete compensation figures and, in

limited instances, personal identifying information of non-parties. Where non-party employees are referenced in connection with individualized compensation information, Defendants have narrowly redacted identifying details where appropriate, while leaving the substance of the testimony intact. These redactions are narrowly tailored to protect non-party privacy interests, which weigh heavily in the Lugosch balancing analysis. *See Amodeo*, 71 F.3d at 1051; *see also De Kafati v. Kafati*, 2022 U.S. Dist. LEXIS 224497, at *5 (S.D.N.Y. Dec. 9, 2022).

### IV.    **Exhibit T**

Exhibit T contains a compilation of information concerning 122 individuals whom Plaintiffs contend fall within the putative class. The document includes names, job titles, locations, nationalities, salary information, severance amounts, and reasons for separation. The proposed redactions are limited to personal identifying information and compensation information of non-parties and are consistent with the Court's directive in its Order.

### V.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court permit (i) Exhibits O and Q to be filed with redactions limited to discrete, non-public financial figures; (ii) Exhibits C and H to be filed with the proposed narrowly tailored redactions limited to specific compensation figures and, in limited instances, personal identifying information of non-parties; and (iii) Exhibit T to be filed with redactions limited to personal identifying and compensation information of non-parties. Defendants no longer seek to seal Exhibits B, G, or I.

We thank the Court for its consideration of this request.

Respectfully submitted,

JACKSON LEWIS P.C.

By */s/ Evan B. Citron*
    John J. Porta
    Evan B. Citron

The foregoing request is granted. This order resolves docket entry no. 146.

SO ORDERED.
/s/ Laura Taylor Swain, Chief U.S.D.J.
Dated: April 2, 2026